[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION (#202) ANDMOTION FOR CONTEMPT (#222).
The marriage of the parties was dissolved on August 28, 1979. The decree of dissolution provided, in pertinent part, that the defendant would pay the plaintiff alimony in the sum of $40,000 per year ($3,333.33 per month) until the death of either party.
The defendant has moved to modify his alimony obligation (#202) on the grounds of a substantial change on the circumstances of the parties. The plaintiff has moved that the defendant be held in contempt (#222) for failure to make alimony payments. The defendant has not made an alimony payment since August, 1994, save one $2,000 payment in 1995. The parties have therefore stipulated that, in the absence of a modification, there is an arrearage of $78,000 through August 16, 1996, the date this court held a hearing on these motions.
At the time of the dissolution, the defendant was 52 years old. He had yearly income from divers sources totaling $112,000, gross, annually according to his financial affidavit filed at the CT Page 9785 time. The defendant then also had a net worth of approximately $925,000.
The defendant was an executive whose expertise was in mergers and acquisitions. He became involuntarily unemployed in 1990. He looked for other work but without success. The defendant is now 68.
The defendant presently has non employment income from several sources. These include social security income, IRA income, trust fund income, and, the most substantial, income from a purchase money mortgage. All amounts are listed on the defendant's current financial affidavit. The purchase money mortgage is the result of the sale and financing of a property which the defendant received at the time of dissolution. Approximately $4,760 of the $6,016 received monthly on the mortgage, represents a repayment of the loan balance; the remainder is interest. The mortgage should be fully paid in four years. The defendant has gross income from all sources, annually, of $106,800. He also has a present net worth of nearly $600,000 excluding any value or liability assigned to a property at 669 Atlantic Street, Stamford. This is a property held in partnership with another, and it is wrapped up in litigation. The disposition of the Atlantic Street property is speculative, which is why the court has excluded it from its calculations.
The plaintiff is now 66 years old. Following the divorce she was self employed as an antiques dealer. She no longer has the business and has been unemployed since 1994 or 1995. The plaintiff stopped working for health reasons, namely emphysema and high blood pressure. She is essentially assetless and receives social security income of $125 per week.
It is fairly well settled that, when considering a motion to modify alimony based on a substantial change in circumstances, the court can take into account not only the income of the parties but their respective estates. When this court does that here, it is persuaded that the defendant's motion to modify should be denied.
The court acknowledges that the defendant's loss of employment is not an insignificant event. However, the defendant was 66 at the time he requested the modification in 1994. This is an age susceptible to retirement and cessation of employment. More important is that the defendant has a substantial asset base CT Page 9786 and sources of income. He also pays a not unsizeable shelter expense for himself and his present wife, and has admitted giving his wife several thousands of dollars every month for expenses not showing on his affidavit. While the defendant has financed a lifestyle beyond his current income by liquidating assets, the plaintiff has marginal income, no assets, and is nearly destitute and in poor health.
For all of these reasons the defendant's motion to modify is denied. Further, the defendant has had the means to pay the alimony, but has chosen not to. His non-payment has been willful, and he is found in contempt.
The court enters the following orders:
(1) The defendant is ordered to pay $25,000 against the $78,000 alimony arrearage no later than January 1, 1997.
(2) The defendant is ordered to pay $1,500 per month against the arrearage beginning January 1, 1997 until the arrearage is fully paid.
(3) Each party shall bear their own counsel fees and costs.
Dated at Stamford, Connecticut, this 22nd day of November, 1996.
JOHN F. KAVANEWSKY, JR., JUDGE